IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STAMATIS FERAROLIS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| INTERNATIONAL RECOVERY | : | |
| SYSTEMS, INC., et al. | : | NO. 04-5080 |

ORDER AND OPINION

JACOB P. HART                                                   DATE:
UNITED STATES MAGISTRATE JUDGE

  Stamatis Ferarolis ("Ferarolis") brought this action to recover a $350,000 stock distribution from his former employer. That employer, International Recovery Systems, Inc. ("IRS") and the other defendants claim that Ferarolis is not entitled to the stock distribution, and have also asserted in a counterclaim that Ferarolis violated a non-compete agreement which he entered while employed by IRS. Defendants now move to compel Ferarolis to respond to three interrogatories seeking the amount of gross revenues derived from Ferarolis's new company, Asset Investigations and Recovery ("AIR"), from clients which AIR has in common with IRS. As explained below, I will grant Defendants' motion.

  Ferarolis argues that he should not be required to respond to Defendants' interrogatories for the following reasons: (a) the interrogatories are irrelevant to this action since AIR is not a party in the action; (b) the interrogatories were improperly served so late in the discovery period that answers were not required before the close of discovery; and (c) Defendants failed to comply with Local Rule 26.1(f), which requires a good faith effort by the parties to resolve a discovery dispute before a motion is filed.

I will compel Ferarolis to respond to Defendants' interrogatories because the subject matter is clearly relevant under Fed. R. Civ. Pr. 401, which requires only that evidence have the "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Although AIR is not a party to this action, if Ferarolis (as the Defendants claim) profited from a violation of his anti-compete agreement with IRS, those profits would be realized through AIR. Defendants are, therefore, entitled to the information they seek.

I note, however, that the other bases for Ferarolis's refusal to answer the interrogatories have some legitimacy. Counsel for Defendants now explains that the three interrogatories at issue were filed late because he underwent surgery during the discovery period. There is no doubt that this would have provided the basis for an extension of the discovery deadline, whether granted by the court or agreed to informally, between the parties. However, counsel made neither Ferarolis nor the court aware of his medical situation. Thus, as far as Ferarolis was aware at the time, the discovery was not properly served.

It is also true that Defendants are at fault for failing to attempt to resolve this dispute before a motion was filed, as required by Local Rule 26.1(f). <u>Crown Cork & Seal v. Chemed Corporation</u>, 101 F.R.D. 105 (E.D. Pa. 1984), stands for exactly the opposite proposition than that for which Defendants cite it. When the Honorable Louis H. Pollak wrote that "this rule is not merely a formalistic requirement", he was not, as Defendants suggest, asserting that it would be overly formalistic to require compliance with rule. Instead, he was emphasizing the rule's importance; in fact, he denied the defendant's motion to compel "with leave to resubmit the issue to the court only after both parties have truly made an effort to comply with both the form and the spirit" of former Local Rule 24(f). 101 F.R.D. at 107.

Ordinarily, I would be inclined to act as Judge Pollak did in Crown Cork, because I, too, find such violations of the discovery rules to be meaningful. Nevertheless, in the interest of timeliness, and because I find that, ultimately, Defendants are entitled to the information requested, I will grant their motion. Defendants' counsel should, in the words of golf, consider this one a "Mulligan."

O R D E R

AND NOW, this            day of October, 2005, upon consideration of Defendants' Answer to Plaintiff's Objection to Defendants' Second Set of Interrogatories and Motion to Compel, filed in this matter as Document No. 24, Plaintiff's response thereto, and Defendants' reply memorandum, it is hereby ORDERED that Defendants' Motion is GRANTED. Plaintiff shall provide full and complete responses to Defendants' Second Set of Interrogatories within fourteen days of the date of this order.

BY THE COURT:

_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE