IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STAMATIS FERAROLIS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| INTERNATIONAL RECOVERY | : | |
| SYSTEMS, INC., et al. | : | NO. 04-5080 |

ORDER AND OPINION

JACOB P. HART                                                              DATE:   February 2, 2006
UNITED STATES MAGISTRATE JUDGE

      Plaintiff Stamatis Ferarolis has filed two motions in limine in this matter. The first is entitled "Plaintiff's Motion to Preclude Introduction of Extraneous and Irrelevant Evidence." As discussed below, this motion will be granted in part and denied in part. In Ferarolis's second motion, he seeks to exclude the evidence of Philip Hughes. That motion will be granted.

I.    Plaintiff's Motion to Preclude Introduction of Extraneous and Irrelevant Evidence

A.    After-Discovered Evidence of Wrongdoing

      Ferarolis seeks to exclude evidence of alleged wrongdoing which the Defendants claim to have discovered after the date he terminated his employment with IRS. A key term in the Phantom Stock Plan at issue provides that a participant forfeits his rights under the Plan if he is "discharged from employment for 'cause.'" Ferarolis was not discharged for cause, but left IRS of his own volition. He maintains, therefore, that the "discharged for 'cause'" provision is irrelevant to this case, and any alleged misbehavior IRS might call "cause" is similarly irrelevant.

      IRS, however, points out that under Pennsylvania law, an employee's claim for breach of contract is barred if an employer can demonstrate that it would have fired an employee had it learned about the employee's misconduct. Dobinsky v. Crompton & Knowles Colors, Inc., 2004

WL 2303686 (M.D. Pa. 2004).  IRS argues that if it had known of the after-discovered misconduct, it would have fired Ferarolis for cause, and that he cannot, therefore, rightfully seek payment under the Phantom Stock Plan.

I have accepted IRS's argument in that regard.  There seems little sense in letting Ferarolis's entitlement to participation in the Phantom Stock Plan hang on the technicality of whether or not IRS was able to discover his misconduct (if it is proven) before he resigned.  To take an extreme example, if an employee were to torch his employer's offices and leave a note of resignation among the ashes, he would clearly be barred from seeking payment under a plan on the grounds that he was not discharged for cause .

Accordingly, the alleged after-discovered misconduct is clearly relevant.  This is not to say that IRS will successfully prove that misconduct occurred, or that, if it did, it would have constituted cause for discharge – or, just as crucially, that IRS would actually have dismissed Ferarolis if it had known of the misconduct.  However, it does require that I deny this portion of Ferarolis's motion.

B.     <u>Ferarolis's Ten-Year Old Marijuana Charge</u>

Ten years prior to the filing of this action, Ferarolis was charged with misdemeanor possession of marijuana.  He agreed to participate in a non-conviction probation program, which he successfully completed.  The record of his probation has been expunged.

This would seem to have no real significance to the case at hand.  It is not even argued that it could constitute after-discovered evidence of misconduct, since it was disclosed to IRS before Ferarolis was employed.  Possibly, as Defendants argue, it is mildly relevant in explaining Ferarolis's move from Florida to Pennsylvania and his desire to return to Florida.  Even so,

however, its relevance would be outweighed by its prejudicial nature.  FRE 403.  I will grant Ferarolis's motion in this respect.

B.      Philip Hughes's Testimony

In their July 27, 2005, responses to Ferarolis's discovery requests, Defendants indicated that they did not "intend to call any expert witness during trial."  Discovery in this case closed on August 19, 2005.  Nevertheless, on December 20, 2005, Defendants produced an expert report dated December 17, 2005, from a C.P.A. named Philip Hughes.

The report did not explain exactly what documents Mr. Hughes reviewed before arriving at his opinion.  It did not include a list of his publications, the compensation being paid him, or the names of other cases in which he has appeared as a witness.  All of these things are required by Fed. R. Civ. Pr. 26.  Further, the report, coming 45 days before trial, clearly violates the requirement set out in F. R. Civ. Pr. 26(a)(2)(C) that expert reports be disclosed at least 90 days before the trial date.

The Court of Appeals for the Third Circuit has set forth certain factors to be considered in evaluating whether late-submitted expert testimony should be excluded under F. R. Civ. Pr. 37.  They are:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified; (2) Defendants are unable to cure the prejudice insofar as the court is unwilling to further alter the pre-trial schedule because such alteration would necessitate postponing the trial date; (3) waiver of the Rule 37 sanctions would disrupt the orderly trial of this case as well as a multitude of other cases on the court's docket; and (4) bad faith or willfulness in failing to comply with the district court's order.

In Re TMI Litigation, 193 F.3d 613, 721-22 (3d Cir. 1999); In re Paoli R.R. Yard PCB Litigation, 35 F.3d 717 (3d Cir. 1994); Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894 (3d Cir. 1977).

There is no violation of Rule 37 here, since the Court did not previously order Defendants to produce this expert report of which Ferarolis had no knowledge. However, Defendants' violation of Fed. R. Civ. Pr. 26 would prejudice both Ferarolis and the Court. Defendants argue that 45 days is sufficient time in which to prepare to cross-examine Mr. Hughes. However, it is not sufficient time in which to depose Mr. Hughes – particularly since discovery has been closed for months – or obtain an expert to review Mr. Hughes' opinions.

I am not willing to extend the trial date in this case in order to permit the extra discovery to which Ferarolis would be entitled. This case was filed in 2004, and should be ready for trial now. Further, as in the TMI quote above, postponing this case would "disrupt a multitude of other cases on this court's docket."

Finally, aside from these procedural flaws, Ferarolis has raised issues regarding the content of Mr. Hughes's report under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), for which a hearing would have to be scheduled if Mr. Hughes was permitted to testify. For the foregoing reasons, I will grant this motion to exclude Mr. Hughes's evidence.

O R D E R

AND NOW, the 2d day of February, 2006, upon consideration of Plaintiff's Motion in Limine to Preclude Extraneous and Irrelevant Evidence, filed in this matter as Document 36, it is hereby ORDERED that the motion is GRANTED IN PART AND DENIED IN PART:

a. The motion is GRANTED in that Defendants are prohibited from introducing at trial any evidence, or making any reference, to Ferarolis's 1995 drug charges and probation.

b. The motion is otherwise DENIED; and it is further

ORDERED that Ferarolis's Motion in Limine to Strike Expert Opinions, Testimony and Report of Philip E. Hughes, filed in this matter as Document 37 is GRANTED. Defendants are prohibited from introducing at trial the testimony, opinions and report of Philip E. Hughes, or from making any reference to them.

BY THE COURT:

/s/ Jacob P. Hart, M.J.
_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE